# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MONTENEQUE N. KNOX, )
                                      )
           Petitioner,       )      3:11-cv-00682-LRH-VPC
                                      )
vs.                                   )      **ORDER**
                                      )
E.K. MCDANIELS, *et al.*,       )
                                      )
           Respondents. )
                                     /

This is a pro se petition for writ of habeas corpus. The court first considers petitioner's ex parte motion for appointment of counsel (ECF #20). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition on file in this action appears sufficiently clear in presenting the issues that petitioner wishes to raise. Counsel is not justified. Accordingly, the motion is denied.

Next, the court considers petitioner's motion to amend petition (ECF #18). Respondents opposed (ECF #19). Petitioner has amended his petition once already (ECF #6), and respondents answered the amended petition (ECF #7). Federal Rule of Civil Procedure 15(a) provides that after a

1 responsive pleading has been served, leave to amend "shall be freely given when justice so requires."
2 "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893
3 F.2d 1074, 1079 (9th Cir.1990). However, petitioner has failed to attach a proposed amended petition,
4 as required by the Local Rules. LR 15-1(a) provides: "...the moving party shall attach the proposed
5 amended pleading to any motion to amend, so that it will be complete in itself without reference to the
6 superseding pleading."

7 Accordingly, petitioner's motion to amend is denied without prejudice. If petitioner wishes to
8 file a second amended petition, within thirty (30) days of the date of this order he shall file a new motion
9 to amend and he shall attach his proposed amended petition. Petitioner is cautioned that he should only
10 seek to amend his petition again in order to add substantive claims. Petitioner will not be permitted to
11 merely add factual allegations to claims already set forth in his amended petition.

12 **IT IS THEREFORE ORDERED** that petitioner's motion to amend petition (ECF #18) is
13 **DENIED without prejudice**.

14 **IT IS FURTHER ORDERED** that within **thirty (30) days** of the date of entry of this order,
15 **petitioner shall file a new motion to amend petition and attach a proposed second amended**
16 **petition**, if he chooses to file a second amended petition.

17 **IT IS FURTHER ORDERED** that if petitioner chooses not to seek to file a second amended
18 petition, that this case shall proceed on the amended petition (ECF #6) and answer (ECF #7).

19 **IT IS FURTHER ORDERED** that petitioner's ex parte motion for appointment of counsel
20 (ECF #20) is **DENIED**.

22 DATED this 28th day of March, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2