1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                         DISTRICT OF NEVADA
8                                * * *
9   MONTENEQUE N. KNOX,                    Case No. 3:11-cv-00682-MMD-VPC
10                       Petitioner,                    ORDER
11          v.
12  E.K. McDANIELS, et al.,
13                       Respondents.

14          This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28

15  U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the Court on the

16  merits of the amended petition.

17  I.     **PROCEDURAL HISTORY**

18          On January 19, 2007, the State charged petitioner in Reno Township Justice

19  Court by criminal complaint with possession of a stolen motor vehicle in violation of

20  NRS 205.273. (Exh. 2.[1]) After the preliminary hearing, petitioner was bound over to the

21  Second Judicial District Court for the State of Nevada. (Exh. 4.) The information,

22  charging petitioner with possession of a stolen vehicle, was filed on February 13, 2007.

23  (Exh. 7.) The matter proceeded to a jury trial. (Exh. 23.) Petitioner was found guilty.

24  (Exh. 21.)  At sentencing, petitioner was adjudicated a habitual criminal and sentenced

25  to serve a term of imprisonment of 10-25 years. (Exhs. 31 & 32.) The judgment of

26  conviction was filed on September 11, 2007. (Exh. 32.) Petitioner appealed his

27  _____

28          [1]The Exhibits referenced in this order are found in the Court's record at dkt. nos.
    8-12.

conviction. (Exh. 33.) On August 4, 2008, the Nevada Supreme Court affirmed petitioner's convictions. (Exh. 44.)

On March 31, 2009, petitioner filed a post-conviction habeas petition in the state district court. (Exh. 46.) The district court denied the petition. (Exh. 56.) Petitioner appealed the denial of his post-conviction habeas petition. (Exh. 63.) On July 14, 2011, the Nevada Supreme Court affirmed the denial of the post-conviction habeas petition. (Exh. 76.) Remittitur issued on August 8, 2011. (Exh. 77.)

On October 7, 2011, petitioner filed his federal habeas petition in this Court. (Dkt. no. 3.) On November 4, 2011, petitioner filed an amended petition. (Dkt. no. 6.) Respondents filed an answer to the amended petition on November 30, 2011. (Dkt. no. 7.) Petitioner filed a reply to the answer on January 12, 2012. (Dkt. no. 15.)

Petitioner moved for leave to file a second amended petition. By order filed May 31, 2013, the Court granted petitioner's motion. (Dkt. no. 24.) The Court's order allowed petitioner to file a second amended petition within thirty (30) days. (Id.) The order further specified that, if petitioner failed to file a second amended petition, this case was to proceed on the amended petition. (Id.) On July 1, 2013, petitioner filed a notice informing the Court that he would not be filing an amended petition. (Dkt. no. 25.) As such, this action proceeds on the amended petition at dkt. no. 6.

## II.    FEDERAL HABEAS CORPUS STANDARDS

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (*quoting Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and *citing Bell v. Cone,* 535 U.S. 685, 694 (2002)). The formidable standard set forth in section 2254(d) reflects the view that habeas corpus is "'a guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter,* 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011) (quoting *Jackson v. Virginia,* 443 U.S. 307, 332 n.5 (1979)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams,* 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. (*Id.* (quoting *Williams,* 529 U.S. at 409).) In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard,* 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied,* 534 U.S. 944 (2001).

///

3

1    In a federal habeas proceeding, "a determination of a factual issue made by a

2  State court shall be presumed to be correct," and the petitioner "shall have the burden

3  of rebutting the presumption of correctness by clear and convincing evidence." 28

4  U.S.C. § 2254(e)(1). If a claim has been adjudicated on the merits by a state court, a

5  federal habeas petitioner must overcome the burden established in § 2254(d) and (e) on

6  the record that was before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400

7  (2011).

8  **III.    DISCUSSION**

9      **A.    Ground 1**

10   Petitioner claims that his due process rights were violated when the trial court

11  refused to instruct the jury regarding his theory of defense. Petitioner raised this claim

12  on direct appeal and the Nevada Supreme Court rejected the claim, as follows:

13      Knox contends that the district court erred by denying his proposed
instruction, which would have required the jury to find that he intended to

14  permanently deprive the owner of the vehicle before it could find him guilty
of possession of a stolen vehicle. Knox claims that his theory of defense

15  was that he was innocent of possession of a stolen vehicle and guilty of
unlawful taking of a motor vehicle. Knox argues that the difference

16  between these two crimes is that possession of a stolen vehicle requires
the intent to permanently deprive the owner of the vehicle whereas

17  unlawful taking of a motor vehicle does not. Knox further asserts that
sufficient evidence was presented at trial to warrant his proposed unlawful

18  taking of a motor vehicle instruction.

19      As a general rule, a defendant in a criminal case is entitled, upon request,
to a jury instruction on his theory of the case so long as there is some

20  evidence, no matter how weak or incredible, to support it. However, a
defendant is not entitled to instructions that are misleading, inaccurate, or

21  duplicitous, nor is he entitled to instructions on lesser-related offenses.

22      Here, Knox's proposed instruction on the elements of possession of a
stolen motor vehicle was inaccurate because the statute governing the

23  elements of possession of a stolen motor vehicle does not require the
state to prove that a defendant intended to deprive the owner permanently

24  of his vehicle. And Knox's proposed instruction on the elements of
unlawful taking of a motor vehicle concerned an uncharged, lesser-related

25  offense. Under these circumstances, the district court did not abuse its
discretion in denying Knox's proposed jury instructions.

26

27  (Exh. 44, at pp. 2-3 (footnotes and internal quotations omitted).) The factual findings of

28  the state court are presumed correct.  28 U.S.C. § 2254(e)(1).

To obtain federal habeas relief based on an improper jury instruction, petitioner must establish that the instruction so infected the entire trial that the resulting conviction violates due process. *Masoner v. Thurman*, 996 F.2d 1003, 1006 (9th Cir. 1993); *Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe,* 431 U.S. 145, 154 (1977).  In reviewing jury instructions, the court inquires as to whether the instructions as a whole were misleading or inadequate to guide the jury's deliberation. *U.S. v. Garcia-Rivera,* 353 F.3d 788, 791 (9th Cir. 2003) (*citing United States v. Frega*, 179 F.3d 793, 806 n.16 (9th Cir. 1999) (internal citations omitted). An instruction may not be judged in isolation, "but must be considered in the context of the instructions as a whole and the trial record." *Id.* Furthermore, jurors are presumed to follow the instructions that they are given. *U.S. v. Olano,* 507 U.S. 725, 740 (1993). Even if an instructional error is found, it is subject to harmless error review. *Calderon v. Coleman*, 525 US. 141 (1998) (*citing Brecht v. Abrahamson*, 507 U.S. 619 (1993)). The question on federal habeas review is whether the instructional error had a "substantial and injurious effect or influence in determining the jury's verdict." *Id.*

In the instant case, petitioner requested an instruction on the unlawful taking of a motor vehicle, which is a lesser-related offense to possession of a stolen motor vehicle. *See* NRS 205.2715 *et seq.* The instruction proposed by petitioner was an incorrect statement of Nevada law. The Nevada Supreme Court had held almost 30 years prior to petitioner's trial that NRS 205.273 "does not require the state to prove that [a defendant] intended to deprive the owner permanently of his vehicle." *Montes v. State*, 603 P.2d 1069, 1071 (Nev. 1979). The trial court properly rejected the proposed instruction and the Nevada Supreme Court's decision was correct. The trial court's refusal to give the proposed instruction on the unlawful taking of a motor vehicle was not erroneous and did not have a substantial and injurious effect on the outcome of the jury's verdict. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was

1   based on an unreasonable determination of the facts in light of the evidence presented

2   in the state court proceeding. Federal habeas relief is denied as to Ground 1 of the

3   amended petition.

4       **B.    Ground 2**

5       Petitioner claims that his Sixth Amendment right to the effective assistance of

6   counsel was violated because his trial counsel: (1) went to trial after only 20 days of

7   preparation; (2) failed to hire an investigator; (3) ignored his requests for pretrial

8   motions, including a motion for a continuance; (4) failed to appear at sentencing and

9   sent another attorney to handle it; (5) failed to submit a psychological evaluation as

10  mitigating evidence; and (6) stipulated to the admission of exhibits at trial.

11      Ineffective assistance of counsel claims are governed by the two-part test

12  announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland,* the

13  Supreme Court held that a petitioner claiming ineffective assistance of counsel has the

14  burden of demonstrating that (1) counsel's performance was unreasonably deficient,

15  and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529

16  U.S. 362, 390-391 (2000) (*citing Strickland,* 466 U.S. at 687). To establish

17  ineffectiveness, the defendant must show that counsel's representation fell below an

18  objective standard of reasonableness. *Id.* To establish prejudice, the defendant must

19  show that there is a reasonable probability that, but for counsel's unprofessional errors,

20  the result of the proceeding would have been different. *Id.* A reasonable probability is

21  "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any

22  review of the attorney's performance must be "highly deferential" and must adopt

23  counsel's perspective at the time of the challenged conduct, in order to avoid the

24  distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to

25  overcome the presumption that counsel's actions might be considered sound trial

26  strategy. *Id.*

27      Ineffective assistance of counsel under *Strickland* requires a showing of deficient

28  performance of counsel resulting in prejudice, "with performance being measured

6

against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (*quoting Knowles v. Mirzayance,* 556 U.S. 111, 112-113, 129 S.Ct. 1411, 1413 (2009)). In *Cullen v. Pinholster*, the Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . . through the 'deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S.Ct. at 1398-1401. The United States Supreme Court has specifically reaffirmed the extensive deference owed to a state court's decision regarding claims of ineffective assistance of counsel:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.* at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S. at ___, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at ___, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter,* ___U.S. ___, 131 S.Ct. 770, 788 (2011). "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional

1  assistance." *Id.* at 787 (*quoting Strickland*, 466 U.S. at 689). "The question is whether

2  an attorney's representation amounted to incompetence under prevailing professional

3  norms, not whether it deviated from best practices or most common custom." *Id.*

4  (internal quotations and citations omitted).

5      During his post-conviction appeal in state court, petitioner raised only three

6  claims of ineffective assistance of counsel, claiming that his counsel was ineffective for

7  failing to: (1) investigate, evaluate, and assert that he was mentally incompetent to

8  stand trial and be sentenced, (2) assert an insanity defense at trial, and (3) further

9  evaluate his mental competence and present mitigation evidence about his mental

10 incompetency at sentencing. (Exh. 72, at pp. 9-14.) To the extent that petitioner raises

11 additional claims in his federal petition, those claims are unexhausted and are

12 dismissed.  28 U.S.C. § 2254(b); *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002)

13 (stating that to satisfy exhaustion, each of petitioner's claims must have been previously

14 presented to the Nevada Supreme Court with references to a specific federal

15 constitutional guarantee, as well as a statement of facts that entitled petitioner to relief).

16     As for the claims that have been exhausted, the Nevada Supreme Court rejected

17 them, as follows:

18      Knox contends that the district court abused its discretion by denying his
        habeas petition without conducting an evidentiary hearing. Knox claims
19      that trial counsel was ineffective for failing to (1) investigate and assert
        that he was not competent for trial or sentencing, (2) present an insanity
20      defense, and (3) present mitigating evidence regarding his incompetency
        at the sentencing hearing. We disagree.
21
        When reviewing the district court's resolution of an ineffective-assistance
22      claim, we give deference to the court's factual findings if supported by
        substantial evidence and not clearly erroneous but review the court's
23      application of the law to those facts de novo. Lader v. Warden, 121 Nev.
        682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court found that
24      Knox could not demonstrate that he was prejudiced by counsel's allegedly
        deficient performance. See Strickland v. Washington, 466 U.S. 688, 694
25      (1984). Further, our review of the record reveals that Knox was not entitled
        to an evidentiary hearing because his claims were either repelled by the
26      record or not pleaded with the requisite factual specificity. See Mann v.
        State, 118 Nev. 351, 354, 46 P.3d 1228, 1230 (2002); Hargrove v. State,
27      100 Nev. 498, 502, 686 P.2d 222, 225 (1984). Therefore, we conclude
        that the district court did not err by rejecting Knox's ineffective-assistance
28      claims.

1    (Exh. 76, at pp. 1-2.) The factual findings of the state court are presumed correct. 28

2    U.S.C. § 2254(e)(1). Conclusory allegations will not overcome the presumption that the

3    state court's findings are correct. *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir. 2000).

4    The Nevada Supreme Court applied the correct *Strickland* standard and concluded that

5    petitioner could not show prejudice from any of counsel's alleged deficiencies.

6    Petitioner did not present to the Nevada Supreme Court, and has not presented to this

7    Court, any evidence that he was incompetent to stand trial or to be sentenced. Nor has

8    he presented any evidence demonstrating that an insanity defense to the charge of

9    possession of a stolen motor vehicle would have had a reasonable likelihood of success

10   at trial. As for counsel's alleged failure to submit the psychological evaluation of Dr. Bill

11   Davis as mitigating evidence at sentencing, the sentencing court stated on the record

12   that it had considered that report. (Exh. 31, at p. 34.) Petitioner has failed to

13   demonstrate that his counsel's performance was deficient or that he was prejudiced

14   under *Strickland*. Petitioner has failed to meet his burden of proving that the Nevada

15   Supreme Court's ruling was contrary to, or involved an unreasonable application of,

16   clearly established federal law, as determined by the United States Supreme Court, or

17   that the ruling was based on an unreasonable determination of the facts in light of the

18   evidence presented in the state court proceeding. This Court denies federal habeas

19   relief as to Ground 2 of the amended petition.

20       **C.    Ground 3**

21       Petitioner claims that his Sixth and Fourteenth Amendment rights to a jury trial

22   were violated when the trial court adjudicated him a habitual criminal. Petitioner alleges

23   that the habitual criminal adjudication runs afoul of *Cunningham v. California*, 649 U.S.

24   270 (2007), because it is a sentence enhancement that must be submitted to a jury.

25   Petitioner raised this claim on direct appeal and the Nevada Supreme Court rejected the

26   claim, as follows:

27       Knox contends that the district court erred when it adjudicated him a
         habitual criminal. Quoting O'Neill v. State, 123 Nev. 9, 16, 153 P.3d 38,
28       43, cert. denied, ___ U.S. ___, 128 S.Ct. 153 (2007), Knox claims that the

1

2

3

4

> district court used facts such as "a defendant's criminal history, mitigation evidence, victim impact statements and the like in determining whether to dismiss [a habitual criminality] count." Knox argues that pursuant to Cunningham v. California, 549 U.S. 270 (2007), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), a jury should have established the existence of these facts beyond a reasonable doubt before they were considered by the district court.

5

6

7

8

9

10

> In O'Neill, we observed that the plain language of NRS 207.010(2) grants the district court discretion to dismiss a count of habitual criminality, not the discretion to impose such an adjudication based on factors other than prior convictions. We noted that the district court may consider facts such as a defendant's criminal history, mitigation evidence, victim impact statements and the like in determining whether to dismiss a habitual criminality count because such facts do not operate to increase the punishment beyond the already established statutory maximum and therefore need not be found by a jury beyond a reasonable doubt. And we concluded that neither NRS 207.010 nor our case law interpreting it violates Cunningham, Blakely, or Apprendi.

11

12

13

14

> Our review of the record on appeal reveals that the State filed a notice of intent to seek habitual criminal adjudication, the district court found that Knox had three valid prior felony convictions, and the district court chose not to dismiss the habitual criminal count. Under these circumstances, Knox has failed to demonstrate that the district court erred in adjudicating him a habitual criminal.

15 Exh. 44, at pp. 4-5 (footnotes and internal quotations omitted).

16 In *Almendarez-Torrez v. United States*, 523 U.S. 224 (1998), the United States

17 Supreme Court held that a sentencing court may enhance a sentence on the basis of

18 prior convictions even if the fact of those convictions was not found by a jury. *Apprendi*

19 did not overrule *Almendarez-Torrez*. The Ninth Circuit has repeatedly held that

20 *Almendarez-Torrez* remains binding law until explicitly overruled by the Supreme Court.

21 See *United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1092-93 (9th Cir. 2007);

22 *United States v. Weiland*, 420 F.3d 1062, 1079 n.6 (9th Cir. 2005); *United States v.*

23 *Reyes-Pacheco*, 248 F.3d 942, 944-45 (9th Cir. 2001); *United States v. Pacheco-*

24 *Zepeda*, 234 F.3d 411, 413-14 (9th Cir. 2000). Moreover, petitioner's claim is specifically

25 foreclosed by *Tilcock v. Budge*, 538 F.3d 1138, 1143-45 (9th Cir. 2008) ("[U]nder both

26 the text of the Nevada Revised Statutes section 207.010 and Nevada precedent, the

27 fact of prior convictions alone exposes a defendant to the statutory maximum under

28 Nevada's habitual criminal statute. Consequently, section 207.010 does not violate

1    *Apprendi*, and the Nevada Supreme Court did not unreasonably apply *Apprendi* in

2    rejecting petitioner's claim."). Likewise, in the instant case, petitioner has failed to meet

3    his burden of proving that the Nevada Supreme Court's ruling was contrary to, or

4    involved an unreasonable application of, clearly established federal law, as determined

5    by the United States Supreme Court, or that the ruling was based on an unreasonable

6    determination of the facts in light of the evidence presented in the state court

7    proceeding. This Court denies federal habeas relief as to Ground 3 of the amended

8    petition.

9         **D.    Petitioner's Motion Immediate for Release**

10        On April 3, 2014, petitioner filed a "motion for immediate release." (Dkt. no. 27.)

11   Respondents opposed the motion for immediate release. (Dkt. no. 28.) Petitioner

12   replied. (Dkt. no. 29.) In his motion for immediate release, petitioner fails to present any

13   legal authority authorizing an immediate release from custody. Given the Court's denial

14   of petitioner's claims on the merits, as discussed herein, petitioner's motion for

15   immediate release from custody is denied.

16   **IV.    CERTIFICATE OF APPEALABILITY**

17        District courts are required to rule on the certificate of appealability in the order

18   disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a

19   notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In

20   order to proceed with his appeal, petitioner must receive a certificate of appealability.

21   28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d

22   946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52

23   (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of

24   a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2);

25   *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that

26   reasonable jurists would find the district court's assessment of the constitutional claims

27   debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold

28   inquiry, the petitioner has the burden of demonstrating that the issues are debatable

1  among jurists of reason; that a court could resolve the issues differently; or that the

2  questions are adequate to deserve encouragement to proceed further. *Id.* In this case,

3  no reasonable jurist would find this Court's denial of the petition debatable or wrong.

4  The Court therefore denies petitioner a certificate of appealability.

5  **V.      CONCLUSION**

6           It is therefore ordered that petitioner's motion for immediate release (dkt. no. 27)

7  is denied.

8           It is further ordered that the amended petition for a writ of habeas corpus (dkt. no.

9  6) is denied in its entirety.

10          It is further ordered that petitioner is denied a certificate of appealability.

11          It is further ordered that the Clerk of Court shall enter judgment accordingly.

12          DATED THIS 30th day of June 2014.

13

14

15                                          MIRANDA M. DU
                                            UNITED STATES DISTRICT JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28